**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFREY E. RODRIGUEZ, | No. 14-16272 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-00674-MMD-WGC |
| v. | |
| CORIZON MEDICAL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted January 20, 2016[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Jeffrey E. Rodriguez, a former Washoe County pretrial detainee, appeals pro

se from the district court's judgment dismissing his 42 U.S.C. § 1983 action

alleging deliberate indifference to his serious dental and medical needs.   We have

jurisdiction under 28 U.S.C. § 1291.   We review de novo.   *Resnick v. Hayes*, 213

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Rodriguez's action because Rodriguez failed to allege facts sufficient to show that defendants were deliberately indifferent to his serious dental or medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; neither a difference of opinion concerning the course of treatment nor mere negligence in diagnosing or treating a medical condition amounts to deliberate indifference); *see also Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010) (deliberate indifference standard applies to pretrial detainees).

The district court did not abuse its discretion by denying Rodriguez leave to leave because amendment would have been futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless amendment would be futile).

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2

14-16272

(9th Cir. 2009) (per curiam).

**AFFIRMED.**